**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 15-4035**

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

  v.

MICHELLE V. MALLARD, a/k/a Michelle V. Crawford,

    Defendant - Appellant.

Appeal from the United States District Court for the Western District of North Carolina, at Charlotte. Frank D. Whitney, Chief District Judge. (3:11-cr-00374-FDW-1)

Submitted: September 14, 2015   Decided: October 6, 2015

Before NIEMEYER, MOTZ, and SHEDD, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Lee Ann Anderson, Amanda F. Davidoff, SULLIVAN & CROMWELL LLP, Washington, D.C., for Appellant. Jill Westmoreland Rose, Acting United States Attorney, Maria Kathleen Vento, Assistant United States Attorney, Charlotte, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A federal grand jury charged Michelle V. Mallard, in a multi-defendant, multi-count second superseding indictment, with conspiracy to commit mortgage fraud, in violation of 18 U.S.C. § 1349 (2012) (Count 1), conspiracy to launder money, in violation of 18 U.S.C. § 1956(h) (2012) (Count 3), and wire fraud, in violation of 18 U.S.C. § 1343 (2012) (Count 4). In July 2013, after the second day of trial, Mallard pled guilty, without a plea agreement, to all three charges.

Sentencing was scheduled for October 28, 2014. That morning, defense counsel moved to withdraw based on "irreconcilable conflict." Following an ex parte hearing, where the court determined that Mallard sought to withdraw her guilty plea, the district court granted counsel's motion to withdraw and scheduled an evidentiary hearing on the motion to withdraw the guilty plea.[1] The court subsequently denied Mallard's motion to withdraw her guilty plea and sentenced her to a downward variance sentence of concurrent 120-month prison terms on each count.

Mallard appeals, claiming that the district court erred in finding that her arguments for withdrawing her guilty plea

---

[1] After the ex parte hearing, Mallard filed a pro se motion to withdraw her guilty plea.

2

waived the attorney-client privilege, and, consequently, Mallard asserts, the district court improperly considered privileged information in denying her motion to withdraw. For the reasons that follow, we affirm.

"We review evidentiary rulings, including rulings on privilege, for abuse of discretion, . . . factual findings as to whether a privilege applies for clear error, and the application of legal principles de novo." United States v. Hamilton, 701 F.3d 404, 407 (4th Cir. 2012) (citations omitted). Violations of the attorney-client privilege are subject to harmless error review. United States v. Nelson, 732 F.3d 504, 519 (5th Cir. 2013), cert. denied, 134 S. Ct. 2682 (2014); cf. United States v. Cole, 631 F.3d 146, 154 (4th Cir. 2011) ("[A] conviction will not be overturned on account of an erroneous evidentiary ruling when that error is deemed harmless within the meaning of Federal Rule of Criminal Procedure 52(a)."). We will find a district court's error harmless if we can "say, with fair assurance, after pondering all that happened without stripping the erroneous action from the whole, that the judgment was not substantially swayed by the error." United States v. Byers, 649 F.3d 197, 211 (4th Cir. 2011) (quoting Kotteakos v. United States, 328 U.S. 750, 765 (1946)) (internal quotation marks omitted).

3

Mallard argues that the district court erred by finding that she had waived the attorney-client privilege and that the court's consideration of her privileged communications with her attorney tainted the court's denial of her motion to withdraw her guilty plea, as well as subsequent proceedings. We need not decide whether the district court erred by concluding that Mallard waived the attorney-client privilege, because we conclude that any violation of the attorney-client privilege was harmless.

Turning first to the denial of Mallard's motion to withdraw her guilty plea, the district court considered the well-established factors in United States v. Moore, 931 F.2d 245 (4th Cir. 1991):

> (1) whether the defendant has offered credible evidence that [her] plea was not knowing or not voluntary, (2) whether the defendant has credibly asserted [her] legal innocence, (3) whether there has been a delay between the entering of the plea and the filing of the motion, (4) whether defendant has had close assistance of competent counsel, (5) whether withdrawal will cause prejudice to the government, and (6) whether it will inconvenience the court and waste judicial resources.

Id. at 248. In considering the Moore factors and denying the motion to withdraw, the district court overwhelmingly relied on nonprivileged information.

The court found that all six factors weighed against granting the motion to withdraw. In determining that Mallard's

4

guilty plea was knowing and voluntary, the court found that Mallard's communications with counsel reflected her desire to hold open the option of withdrawing her guilty plea and her knowledge and understanding of the Sentencing Guidelines and sentencing proceedings. However, the court also considered Mallard's statements under oath at the Fed. R. Crim. P. 11 hearing where she admitted her guilt and her status as a formerly licensed attorney, in concluding that there was no credible evidence that her plea was not knowing and voluntary. Regarding the fourth Moore factor, it is possible that the court considered Mallard's communications with her attorney in finding that she had close assistance of competent counsel.

For the remaining four factors, the district court did not consider any attorney-client communications. The court found that Mallard did not credibly assert her legal innocence in light of her inconsistent testimony regarding the various real estate transactions, which the court found contradicted the trial testimony of credible Government witnesses. The court found that the 15-month delay between her guilty plea and her motion to withdraw weighed against granting the motion to withdraw, as did its conclusion that allowing Mallard to withdraw her plea would prejudice the Government, inconvenience the court, and waste judicial resources.

In weighing the six factors and finding that none supported permitting Mallard to withdraw her guilty plea, therefore, the court considered nonprivileged information for all six factors and considered attorney-client communications with regard to no more than two. Thus, the court's decision to deny Mallard's motion to withdraw her guilty plea was not "substantially swayed" by consideration of information that may have violated the attorney-client privilege.[2] Byers, 649 F.3d at 211.

Accordingly, we affirm the criminal judgment. We dispense with oral argument because the facts and legal conclusions are adequately presented in the materials before this court and argument would not aid the decisional process.

AFFIRMED

---

[2] Mallard did not include a challenge to her sentence in the "Statement of the Issues" section of her opening brief. However, at the end of the discussion section of her brief, she alleged that the district court's erroneous finding of waiver tainted all subsequent proceedings. To the extent that Mallard's claim that her sentence was tainted by consideration of privileged information is properly before us, we similarly conclude that any error is harmless because the court was not substantially swayed by any privileged information.